IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AIG Specialty Insurance Company,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | Civ Action No. | |
| § | | |
| **GetixHealth Holding Corporation and** § | | |
| **Patient Accounting Service Center LLC** § | | |
| **d/b/a GetixHealth or GetixHealth LLC** § | | |
| § | | |
| *Defendants.* § | | |

**ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT

Plaintiff **AIG Specialty Insurance Company ("AIG Specialty")** files this Original Complaint for Declaratory Relief against Defendants **GetixHealth Holding Corporation ("GHC")** and **Patient Accounting Service Center, LLC d/b/a GetixHealth or GetixHealth, LLC ("GetixHealth")** and would show the Court the following:

**I.     Parties**

1.     Plaintiff AIG Specialty is an Illinois corporation with its principal place of business located in New York, New York.

2.     Thus, AIG Specialty is a citizen of both Illinois and New York.

3.     Defendant GHC is a Delaware corporation with its principal place of business and/or headquarters in Sugarland, Texas.

4.     Thus, GHC is a citizen of both Delaware and Texas.

5.     Defendant GetixHealth is a Washington limited liability company with its principal place of business and/or headquarters located in Sugarland, Texas.

6. According to GetixHealth's filings with the Washington Secretary of State, GetixHealth has one member, who is Charles Bracken. Mr. Bracken is domiciled in the State of Texas and is thus a citizen of the State of Texas.

7. Thus, GetixHealth is also a citizen of Texas.

## II. Jurisdiction and Venue

8. The jurisdiction of this Court exists under 28 U.S.C. § 1332(a) of the Federal Rules of Civil Procedure because there is diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds the sum of $75,000.00.

9. The Court has personal jurisdiction over the Defendants because they are headquartered and have their principal place of business in Sugarland, Texas.

10. Venue is properly maintained in this Court under 28 U.S.C § 1391(b) because the Defendants are residents of Texas and the Southern District of Texas.

## III. Underlying Facts

11. Georgetown Hospital System d/b/a Tidelands Health ("**Tidelands**") is a non-profit hospital system located in South Carolina.

12. Tidelands allegedly operates two hospitals.

13. On December 1, 2020, Tidelands entered into a contract with GetixHealth (the "**Tidelands Contract**") under which Tidelands was to provide "revenue cycle management" services to Tidelands.[1]

14. Upon information and belief, GetixHealth thereafter provided services to Tidelands under the Tidelands Contract.

---

[1] In general, revenue cycle management is the financial process of tracking patient care from scheduling and registration to final payment collection.

2

15. Upon information and belief, Tidelands notified GetixHealth in 2022 that GetixHealth had caused a substantial loss, or loss in progress, to Tidelands; and, on August 28, 2022, notified GetixHealth that the "total cash at risk [was] $5.566M."

16. Upon information and belief, by April of 2023, Tidelands allegedly had completed an internal audit of the 2021 fiscal year, reflecting that GetixHealth had caused Tidelands nearly four million in "*cash losses*" in 2021 alone.

17. Upon information and belief, in or about August of 2023, GetixHealth made a verbal offer of $850,000.00 to resolve Tidelands' alleged losses.

18. Upon information and belief, on or about September 12, 2023, Tidelands rejected GetixHealth's offer in writing (by an email sent by Tidelands' CFO Beth Ward).

19. Upon information and belief, on or about April 17, 2024, Tidelands terminated the Tidelands Contract.

20. Later, by letter dated May 29, 2024, Tidelands made a written demand for compensation to GetixHealth (the "**Tidelands Demand**").

21. Upon information and belief, GetixHealth received the Tidelands' Demand on June 3, 2024.

22. After receiving the Tidelands Demand, GHC and/or GetixHealth tendered the demand letter to AIG Specialty on June 6, 2024.

23. AIG Specialty then began an investigation of the claim subject to a full reservation of rights.

24. Nearly a year later, on May 22, 2025, Tidelands filed an original complaint against GetixHealth in a case styled as: *Georgetown Hospital System d/b/a Tidelands Health vs. Patient Accounting Service Center, LLC d/b/a GetixHealth, LLC*; Civil Action 2:25-cv-06575-DCN;

pending in the Judicial District of South Carolina, Charleston Division (the "**Underlying Lawsuit**").

25. In the Underlying Lawsuit, Tidelands alleges GetixHealth's conduct caused Tidelands to sustain actual damages of $8M.

26. In addition to seeking damages for professional negligence and breach of contract, Tidelands also seeks damages caused by GetixHealth allegedly fraudulently inducing Tidelands into the Tidelands Contract.

27. Thereafter, GHC and/or GetixHealth tendered the Underlying Lawsuit to AIG Specialty.

28. Following the tender of the Underlying Lawsuit, AIG Specialty denied a defense and indemnity to GetixHealth on or about August 6, 2025.

29. The Underlying Lawsuit remains pending as of the date of this Original Complaint.

### IV.   The AIG Specialty Policy

30. AIG Specialty issued a Specialty Risk Protector Policy to GHC with a policy period of May 31, 2024 to May 31, 2025, bearing policy period 01-181-92-79 (the "**AIG Specialty Policy**").

31. GHC and any of its "subsidiaries" are deemed "insureds" under the AIG Specialty Policy.

32. On information and belief, GetixHealth alleges that it is a subsidiary of GHC and therefore is an "insured" under the AIG Specialty Policy.

33. The AIG Specialty Policy (incorporated herein by reference if necessary) contains the following relevant provisions:

**Specialty Professional Liability Insurance**
**("SPL Coverage Section")**

**This is a Claims Made and Reported Coverage Section And a Third Party Coverage Section**

. . .

**1.   INSURING AGREEMENTS**

With respect to the Errors and Omissions Insuring Agreement, the Defense provisions and the Settlement provisions of this Clause 1., solely with respect to **Claims** first made against an **Insured** during the Policy Period or the Discovery Period (if applicable) and reported to the **Insurer** pursuant to the terms of this policy, this SPL Coverage Section affords the following coverage:

**ERRORS AND OMISSIONS INSURING AGREEMENT**

The **Insurer** shall pay on an **Insured's** behalf all **Loss** in excess of the applicable Retention that such Insured is legally obligated to pay resulting from a **Claim** alleging a **Wrongful Act**.

Defense

(a) The **Insurer** has the right and duty to defend a **Suit** for a **Wrongful Act**, even if the Suit is groundless, false or fraudulent.

. . .

2.   Definitions

. . .

(b) "**Claim**" means:

(1) A written demand for money, services, non-monetary relief or injunctive relief;

. . .

(d) "**Insured**" means a "Company."

(e) "**Loss**" means compensatory damages, judgments, settlements, pre-judgment and postjudgment interest and Defense Costs, including punitive, exemplary and multiple damages where insurable by the applicable law which most favors coverage for such punitive, exemplary, and multiple damages.

(g) "**Professional Services**" means those services described and set forth by endorsement to this SPL Coverage Section.

(k) "**Wrongful Act**" means any negligent act, error or omission, misstatement or misleading statement in an Insured's performance of Professional Services for others occurring on or after the Retroactive Date and prior to the end of the Policy Period.

. . . .

## V. Justiciable Interest

34. GHC and/or GetixHealth tendered the Underlying Lawsuit to AIG Specialty, seeking a defense and indemnity under the AIG Specialty Policy.

35. Thereafter, on August 6, 2025, AIG Specialty denied GHC and/or GetixHealth both a defense and indemnity for the Underlying Lawsuit under the AIG Specialty Policy.

36. By this lawsuit, AIG Specialty seeks a declaration regarding its legal duties and obligations, if any, owed to GHC and/or GetixHealth under the AIG Specialty Policy concerning the Underlying Lawsuit.

37. An actual controversy exists between the parties hereto under 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and legal relationships of the parties to this action in connection with the cause of action asserted in this Complaint.

## VI. Cause of Action

38. AIG Specialty alleges and incorporates by reference the allegations found in the preceding paragraphs.

39. AIG Specialty seeks a declaration that it owes no duty to defend or indemnify GHC and/or GetixHealth from the Underlying Lawsuit because, before GHC and/or GetixHealth purchased the AIG Specialty Policy, it knew of the loss or loss in progress that is the subject of Tideland's claims in the Underlying Lawsuit.

40. Under Texas law, "fortuity" is required for insurance coverage, and the fortuity doctrine precludes an insured from purchasing insurance coverage for a known loss, or a loss in progress.

41. In the Underlying Lawsuit, Tidelands seeks to recover damages from GetixHealth for a known loss, or loss in progress, that preceded the inception of the AIG Specialty Policy. Indeed, well before the purchase of the AIG Specialty Policy, by August of 2023, GHC and/or GetixHealth knew that Tidelands was alleging a substantial loss, or loss in progress, and GHC and/or GetixHealth offered $850,000.00 to resolve Tidelands alleged losses.

42. Because the fortuity doctrine precludes Tidelands from purchasing insurance coverage for the known loss or loss in progress, AIG Specialty is entitled to a declaration that the AIG Specialty Policy does not provide defense or indemnity coverage to GHC and/or GetixHealth for the Underlying Lawsuit.

## VII.   Jury Demand

43. Plaintiff AIG Specialty demands a jury trial on all triable issues.

## VIII.   Prayer

In sum, Plaintiff, AIG Specialty Insurance Company, prays for judgment and declaratory relief as follows:

A. AIG Specialty has no duty to defend Defendants GHC and/or GetixHealth from the Underlying Lawsuit under the AIG Specialty Policy;

B. AIG Specialty has no duty to indemnify Defendants GHC and/or GetixHealth from the Underlying Lawsuit under the AIG Specialty Policy;

C. AIG Specialty be awarded such other and further relief, legal or equitable, general or specific, to which AIG Specialty may show itself to be justly entitled.

Respectfully submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

/s/  *Jeffrey R. Parsons*
Jeffrey R. Parsons
Texas Bar No. 15547200
jparsons@pmmlaw.com
James C. Burnett
Texas Bar No. 24094025
jburnett@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

**COUNSEL FOR PLAINTIFF AIG SPECIALTY INSURANCE COMPANY**

3221818